UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **OBADYAH BEN-YISRAL, formerly known as Christopher Peterson,** | ) ) ) | |
| **Petitioner** | ) ) | |
| v. | ) ) | No. 3:06cv0577 AS |
| **ED BUSS,** | ) ) ) | |
| **Respondent** | ) | |

*MEMORANDUM, OPINION AND ORDER*

The petition in this case was originally filed on September 22, 2006, by this petitioner, Obadyah Ben-Yisrayl, formerly known as Christopher Peterson, seeking relief under 28 U.S.C. §2254. A Response has been filed on behalf of the respondent by the Attorney General of Indiana on March 9, 2007. A massive state record has been filed by the Attorney General of Indiana on March 13, 2007, and the petitioner filed a Traverse on March 26, 2007, which this court has carefully examined.

This petitioner was convicted of murder in two different counties of Indiana, namely Lake and Porter. When these two cases were handled in the Indiana courts, they were necessarily handled separately. The same is true when petitions under 28 U.S.C. §2254 were filed in this court. However, when issues reached the Court of Appeals for the Seventh Circuit, that court combined the proceeding involving both Lake and Porter County in 431 F.3d 1043 (7th Cir. 2005) and 114 Fed. Appx. 760 (7th Cir. 2004). The several attorneys

from the same Chicago law firm who have ably represented this petitioner with dedication, competence and success. He has benefitted greatly from their efforts so far. As a result of the efforts of these very able lawyers, this petitioner no longer is facing the death penalty. Oral argument was had in South Bend, Indiana on April 27, 2007, and such was very helpful. This court dealt with the Porter County convictions in *Ben-Yisrayl v. Davis*, 277 F.Supp. 2d 898 (N.D. Ind. 2003), *aff'd*, 431 F.3d 1043 (7th Cir. 2005). Upon this court's inquiry of the deputy attorney general of Indiana handling this case, it was disclosed that to his knowledge the Porter County, Indiana prosecuting attorney has made no move to retry this petitioner of the murder charges once pending there. So this case must focus only on the murder convictions Lake County, Indiana, and those issues have already been before this court in proceedings under 28 U.S.C. §2254. This case was also the subject in 245 F.Supp. 2d 960 (N.D. Ind. 2002) and 245 F.Supp. 2d 973 (N.D. Ind. 2003).

An essential item must be mentioned very importantly along the way, the Supreme Court of Indiana following *Saylor v. Indiana*, 808 N.E. 2d 646 (Ind. 2004) set aside the death penalty in the Lake County cases. *See also Minnick v. Anderson*, 151 F.Supp. 2d 1015 (N.D. Ind. 2000). On December 13, 2004, the state trial court re-sentenced this petitioner to two consecutive terms of 60 years. An appeal was taken to the Court of Appeals of Indiana, and that court, speaking through Senior Judge Ratliff, affirmed the 60-year consecutive sentences imposed in the Lake Superior Court on this petitioner. That is reflected in an unpublished memorandum decision entered December 13, 2005, concurred in by Judges May

and Darden.  For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. Demonstrating perhaps that the state and federal judiciary may have been operating somewhat on separate tracks, it is of some interest that the decision of the Court of Appeals reflected in 431 F.3d 1043 (7th Cir. 2005) was also entered on December 13, 2005.  One of the things this court must deal with that part of the Indiana Court of Appeals opinion entered on the December 13, 2005 date as it pertains to the Lake County convictions.  It has already been indicated that the decision of this court with regard to the Porter County conviction was indeed affirmed and, at least as far as can be known now, there is no apparent move to retry the Porter County cases.  As suggested at oral argument, this court has taken a close look at *Miller-El v. Cocknell*, 537 U.S. 348 (2003).  There is much to admire and follow there.  However, that case is born in a different factual setting than here and the *Batson* issues there are not here.

This court takes judicial notice of the proceedings in 3:01cv065 AS in which a petition was filed for relief under 28 U.S.C. §2254 on or about December 12, 2001, and takes note of this court's ruling in 245 F.Supp. 2d 960 (N.D. Ind. 2002).  Specifically, the Court of Appeals entered an unpublished order separate from the opinion published at 431 F.3d 1043 in which it found itself without jurisdiction to decide the issues raised on appeal from the convictions and sentences in the Lake County cases.  Such is reflected in  *Ben-Yisrayl v. Davis*, 114 Fed. Appx. 760 (7th Cir. 2004).  In that proceeding, the Seventh circuit held that

3

because the petitioner had not been re-sentenced, his habeas petition was not ripe for review and could be re-filed after sentencing without being considered successive. As indicated on September 10, 2004, the Lake Superior Court granted this petitioner's successive petition for post-conviction relief and vacated his death sentences. Later on December 13, 2004, the Lake Superior Court sentenced this petitioner to two consecutive terms of imprisonment for the two murder convictions before that court. Those sentences were affirmed, as indicated above, on December 13, 2005. This court has also taken the trouble to examine carefully the contents of this petitioner's's petition to transfer the aforesaid December 13, 2005 decision by the Court of Appeals to the Supreme Court of Indiana. Such transfer was denied on June 27, 2006. This court has taken the trouble to dig up the petition to transfer and such is now attached as Appendix "B" here. There is a very serious concern here as to whether there has been compliance with the requirements of *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) in regard to the present sentences of this petitioner. There is also a serious question as to whether those two consecutive sentences authorized under the law of Indiana have been challenged in this court on Eighth Amendment federal constitutional grounds. Such a charge would be a very uphill climb under *Harmelin v. Michigan*, 501 U.S. 957 (1991). *See also Solem v. Helm*, 463 U.S. 277 (1983). It is elementary that the jurisdiction of this court under 28 U.S.C. §2254 and related statutes is based on violations of the statutes, treaties and Constitution of the United States. This court is hard pressed to find the presentation of arguments of that nature in the state court proceedings since the vacation of the death

4

sentences in the Lake Superior Court and the imposition of the 60-year consecutive terms. This court raises this question with great respect for the lawyers who have so ably represented this petitioner. It also goes without saying that under 28 U.S.C. §2241 and *Estelle v. McGuire*, 502 U.S. 62 (1991), that there has to be something more here than violations of state law and arguments about that. This court is truly hard pressed to find such arguments here. Neither is this court convinced that an evidentiary hearing needs to be held here under 28 U.S.C. §2253(e). *See Williams v. Taylor*, 529 U.S. 362 (2000).

With all deference, this court has already taken up and ruled on the ineffective assistance of counsel arguments now raised here. In fact, so has the Supreme Court of Indiana in *Ben-Yisrayl v. State*, 729 N.E. 2d 102 (Ind. 2000). The Supreme Court of Indiana unanimously gave very close attention to those arguments and correctly applied the standards in *Strickland v. Washington*, 466 U.S. 668 (1984), *rehr'g denied,* 467 U.S. 1267 (1984). This court also dealt with issues under *Stone v. Powell*, 428 U.S. 465 (1976), as did the Supreme Court of Indiana which also looked at the record under *Gerstein v. Pugh*, 420 U.S. 103 (1975). This court now reaffirms what it said about this case in the twin opinions in 245 F.Supp. 2d at pages 960 and 973.

As suggested in the oral argument, this court has indeed looked closely at *Harris v. State*, 617 N.E. 2d 912 (Ind. 1993). It does not appear to help this petitioner here. The principal issues that concern this court at the time of oral argument has largely been laid to rest by a careful revisiting of the various decisions involving this petitioner. This court was

5

concerned that some way or other the sentencing in the Lake County cases took into account as aggravated circumstances the convictions in Porter County. A close examination of the record would seem to indicate that simply did not happen. It seems that the major premise of Judge Ratliff's opinion for the Court of Appeals of Indiana entered December 13, 2005 is based on the premise that the Porter County convictions and were not used as an aggravator here. The fact that there were two people murdered in this case was indeed used as an aggravator, and that certainly does not violate the Constitution, statutes or treaties of the United States. The issue as to consecutive sentences seems to be largely one of state law. *See Scruggs v. State*, 737 N.E. 2d 385 (Ind. 2000), and *Tobar v. State*, 740 N.E. 2d 109 (Ind. 2000).

   Certainly, this defendant has received an abundance of attention from both the state and federal judiciary. This court raised a question which, incidentally, was not answered at the oral argument as to whether there was some species of constitutional right to engage in what is commonly called allocution in state criminal proceedings. Certainly that right is honored in the Constitution of Indiana. See Article 1, Sect. 13 and IC 35-38-1-5. . It is also the subject of federal procedural rules, namely Federal Rule of Criminal Procedure 32, which recently was given considerable importance in *United States v. Groves*, 470 F.3d 311 (7th Cir. 2006). Taken as a totality of circumstances relating only to re-sentencing in this case causes this court to tilt ever so slightly in favor of the petitioner here. This also causes this court to encompass the grant of writ under very precise and narrow circumstances. Since that

6

appears to be basically a state law issue here, this court will not exercise in any heavy-handed way the federal jurisdiction implicit in 28 U.S.C. §2254 to remand this case for re-sentencing including allocution with regard to the present sentences.

There is some slightly more than a remote chance that the convictions in Porter County played too great a role in the sentencings imposed in Lake County, in this case. This court is well familiar with *United States v. Tucker*, 404 U.S. 443 (1972), having dealt with it first in 1974 in Hammond. Certainly, *Tucker* is based on some concepts of due process. It was cited by this petitioner in his petition to transfer to the Supreme Court of Indiana as shown in Appendix "B". There may be some limited argument under a species of due process with regard to the possible use of the Porter County convictions in the Lake County convictions in this case. Such is a very narrow question that is largely of state law, but some bits and pieces of it may be arguable under the Constitution of the United States as reflected in *Tucker* and its progeny. For that narrow reason, this court has determined to **GRANT** the writ here conditioned on very narrow circumstances. The writ is **GRANTED** so that the state trial court can appropriately conduct fresh sentencing proceedings on the basis of the available record only exclusive of any reference or use of the Porter County convictions. This court wishes to emphasize that it is not conditioning the grant of the writ on an entirely new trial on the merits in the Lake County cases. Such is not the intent at all. However, the proceedings suggested here do not foreclose fresh appellate proceedings to the Court of Appeals and Supreme Court of Indiana.

In its Order entered on October 29, 2004, the Court of Appeals for the Seventh Circuit specifically spiked any effort to treat further petitions under §2254 as being successive. Therefore, this court does not in any way treat the present action by this petitioner as being a successive petition. Certainly the ruling in that order by the Court of Appeals is part of the law of this case. That being said, and this court revisiting its earlier decision dealing with the trial in Lake County of this petitioner on the dual murder charges, adheres to its earlier ruling dealing with issues which inhere in that trial proceeding. What has been argued here, quite permissively to be sure, are the issues with regard to sentencing after the death penalty was taken out of this case. It is in that area and that area alone that this court in the interest of the greatest of caution, will **GRANT** a writ limited <u>only</u> to the proceedings of the re-sentencing of this petitioner to two consecutive 60 years in prison. Candor requires this court to say that such is a generous use of the federal jurisdiction conferred on this court by the AEDPA.

The right allocution is also embodied in Rule 32, Federal Rules of Criminal Procedure. It also must be said that the mere existence of that right embodied in a federal procedural rule is probably not enough to grant this court federal jurisdiction to order the re-sentencing of this petitioner limited to the record that already exists and with the specific admonition that it is <u>not</u> for an entire new trial. It must be further admonished that upon remand for this limited grant of the writ that the formulation of the sentences cannot in any way be influenced by anything that occurred in the proceedings involving this petitioner in

8

Porter County, Indiana.  Candor also requires this court to state that there is a worriment that such may have occurred in the re-sentencing of this petitioner, and that is at the heart of the decision to have the state court and this petitioner and his counsel have another go at the sentencing process.  So the writ is **GRANTED** limited specially to consider <u>federal</u> constitutional issues as to the twin 60-year sentences imposed.  **IT IS SO ORDERED**.

   **DATED:**  May 2, 2007

                                                  S/ ALLEN SHARP
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**